UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

PHILIP ROLWING, et al.,            )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )    No.  1:05CV81 FRB
                                   )
NRM CORPORATION, a/k/a             )
NRM Steelastic, Inc., et al.,      )
                                   )
                Defendants.        )

**MEMORANDUM AND ORDER**

        Presently pending before the Court is plaintiffs' Motion to Remand (filed June 27, 2005/Docket No. 27). The matter was assigned to and is pending before the undersigned United States Magistrate Judge pursuant to Rule 2.08(A) of the Local Rules of this Court. A hearing was held on the motion on July 22, 2005.

        Plaintiff Philip Rolwing and his spouse, Candy Rolwing, brought this products liability action in the Circuit Court of Mississippi County, Missouri, alleging that they suffered injuries as a result of defective equipment designed, manufactured and sold by defendant NRM Corporation to Philip Rolwing's employer. Plaintiffs aver that NRM Steelastic, Inc., and defendants McNeil & NRM, Inc.-California, McNeil & NRM, Inc., Davis-Standard Corporation, and Crompton Corporation are successors to NRM Corporation's relevant product line. Plaintiffs further allege that a defective safety switch, designed, manufactured and sold by defendant

Barksdale, Inc., caused injury as well inasmuch as it failed to engage when plaintiff Philip Rolwing attempted to activate it. Plaintiffs allege that the defective nature of the relevant equipment and safety switch caused Philip Rolwing's right hand and arm to become caught and pulled into the equipment, which continued to operate, resulting in severe, permanent and disabling injuries. Plaintiff Candy Rolwing alleges that such injuries to her husband have resulted in her loss of consortium.

On May 27, 2005, defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc., removed the cause to this Court, invoking this Court's diversity jurisdiction inasmuch as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. Submitted with the Notice of Removal were defendants Davis-Standard Corporation's, Crompton Corporation's and Barksdale, Inc.'s Consents to Removal. A review of the file shows service of process not to have yet been effectuated upon defendant NRM Corporation, a/k/a NRM Steelastic, Inc. Plaintiffs now seek to remand the matter to State court, arguing first, that the removal was procedurally defective inasmuch as it was not made with the clear and unambiguous consent of defendant Barksdale, Inc.; and second, that the removal was jurisdictionally defective inasmuch as defendants cannot show that the amount in controversy exceeds $75,000.00. Defendants responded to the motion and, upon defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc.'s

request, a hearing was held on the motion on July 22, 2005.

A. <u>Consent to Removal</u>

Removal of an action from State court to federal court is authorized by 28 U.S.C. § 1441 and governed by § 1446. "Where there are multiple defendants, all must join in a petition to remove within thirty days of service." <u>Thorn v. Amalgamated Transit Union</u>, 305 F.3d 826, 833 (8th Cir. 2002) (citing <u>Marano Enters. of Kan. v. Z-Teca Rests., L.P.</u>, 254 F.3d 753, 754 & n.2 (8th Cir. 2001)). As such, for a case to be properly removed to federal court, all defendants who have been served in the cause must join in the removal. <u>See</u>, <u>e.g.</u>, <u>Marano Enters. of Kan. v. Z-Teca Rests., L.P.</u>, 254 F.3d 753, 757 (8th Cir. 2001) (unanimous consent of co-defendants required for removal). A removal not made with the consent of all of the defendants is procedurally defective. <u>Mayo v. Christian Hosp. Northeast-Northwest</u>, 962 F. Supp. 1203, 1205 (E.D. Mo. 1997). Challenges to procedurally defective removals must be made in a motion to remand within thirty days of removal, and may be considered waived if not timely raised. 28 U.S.C. § 1447(c); <u>Amteco, Inc. v. BWAY Corp.</u>, 241 F. Supp. 2d 1028, 1030 (E.D. Mo. 2003).

Defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc., were served in this cause on April 28, 2005, and removed the matter to this Court on May 27, 2005.[1] A review of the file

---

[1] Plaintiffs timely filed the instant motion challenging the procedural process of removal on June 27, 2005.

shows process to have likewise been served upon defendant Barksdale, Inc., on April 28, 2005. Having been served, defendant Barksdale, Inc., was therefore required to consent to defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc.'s removal to this Court. A review of the file shows Barksdale, Inc., to have submitted a "Consent to Notice of Removal" (Not. of Removal, Exh. B) and indeed that such consent was submitted to this Court with the Notice of Removal filed by defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc. Contrary to plaintiffs' assertion, the filing of Barksdale, Inc.'s Answer in State court prior to the removal of the cause to this Court is of no instance and does not bar or make ambiguous an otherwise procedurally correct removal. Cf. Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345 (8th Cir. 1988) (cause removed after defendant filed Answer in State court; "after removal, the federal court takes up the case where the state court left off").

Upon review of the entire file in this cause, including defendant Barksdale's Consent to Removal; and upon consideration of the parties' arguments made at the hearing, including defendant Barksdale's unequivocal representation that it has and continues to consent to the removal of this cause to this Court, the undersigned determines defendant Barksdale, Inc.'s Consent to Removal to be clear and unambiguous and not to create such an ambiguity so as to preclude defendants McNeil & NRM, Inc.-California and McNeil & NRM,

Inc.'s removal of this matter from State court to this Court.

B. <u>Jurisdiction</u>

Plaintiffs further argue that there exists a jurisdictional defect in removal inasmuch as the required amount in controversy for diversity jurisdiction, that is, an amount in excess of $75,000.00, has not been established in this cause.

A review of plaintiffs' Petition filed in State court shows plaintiffs, in accordance with Missouri Rule of Civil Procedure 55.05, not to have plead a specific amount of monetary relief sought but instead generally to have requested judgment in excess of $25,000.00, the minimum amount necessary to invoke Missouri circuit court jurisdiction. In their removal petition, defendants McNeil & NRM, Inc.-California and McNeil & NRM, Inc., invoke this Court's diversity jurisdiction, averring that the amount in controversy exceeds $75,000.00. Plaintiffs argue, however, that despite this averment, defendants cannot establish that the amount in controversy exceeds $75,000.00.

It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party. <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1991). "The amount in controversy requirement of diversity jurisdiction is strictly construed," <u>Grmac v. Millar Elevator Co./Schindler Enters.</u>, 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998), with all doubts about federal jurisdiction to be

resolved in favor of remand. <u>Business Men's Assur.</u>, 992 F.2d at 183. However, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." <u>Kopp v. Kopp</u>, 280 F.3d 883, 885 (8th Cir. 2002); <u>see also</u> <u>Hollenbeck v. Outboard Marine Corp.</u>, 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001) (prayer for relief not controlling). The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. <u>Kopp</u>, 280 F.3d at 885.

With respect to plaintiffs' contention that defendants cannot establish that the amount in controversy meets the jurisdictional amount, defendants have submitted affidavits and exhibits showing plaintiff Philip Rolwing's medical expenses to have already exceeded the jurisdictional amount. Further, the Petition itself alleges that Philip Rolwing

> sustained severe, permanent and disabling injuries including, but not limited to, his right hand, arm and shoulder requiring partial amputation of the hand, multiple surgeries and skin grafting, and has been caused to undergo severe pain, suffering and mental anguish and will continue to undergo severe pain and suffering and potential future medical treatment, and has been obligated for and expended various sums of money for medical care and treatment, and will continue to become obligated for sums of money for further medical care and treatment, the exact nature

>       and extent being unknown at this time . . .
>       and has incurred lost wages and will continue
>       to incur lost wages the exact nature and
>       extent being unknown at this time[.]

(Petn. at 6.)

In light of the extent to which plaintiffs' injuries are plead, including the allegations that plaintiffs will continue to incur damages for such injuries in the future, this Court cannot find, as a matter of law, that plaintiffs' damages will not exceed $75,000.00. If a jury were to find in plaintiffs' favor on each of their claims, the damages could reasonably exceed $75,000.00.

Although plaintiffs argue that a jury's potential finding of comparative fault may reduce the amount of damages actually recovered to an amount less than $75,000.00, the undersigned is aware of no authority supporting their argument that diversity jurisdiction is destroyed by such speculative occurrence, and plaintiffs cite to none. The defendants here have demonstrated to the Court that a fact finder might legally conclude that the damages suffered by plaintiffs are greater than the requisite amount. In the absence of authority showing otherwise, the undersigned concludes that in such circumstances, whether and to what extent comparative fault, if any, would limit plaintiffs' recovery does not divest this Court of diversity jurisdiction when, at the time of removal, such jurisdiction exists.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand (Docket No. 27) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _2nd_ day of August, 2005.